**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SDC HEALTH SERVICES INC.,<br>d/b/a HEALTH FORCE OF GEORGIA,<br><br>Plaintiff,<br><br>v.<br><br>ACCORDCARE, LLC, d/b/a/ HEALTH<br>FORCE, AN ACCORDCARE COMPANY<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action File No. _________ |

**COMPLAINT**

SDC Health Services Inc. (*d.b.a.* Health Force of Georgia) ("SDC" or "Plaintiff"), appearing through its undersigned legal counsel, alleges this Complaint against AccordCare, LLC (*d.b.a.* Health Force, an AccordCare Company) (or "Defendant") for trademark infringement, copyright infringement, tradename infringement, and unfair competition under federal and state law as follows:

**NATURE OF THE ACTION**

1. Plaintiff SDC is a nearly two-decade-old Georgia corporation headquartered in Atlanta that conducts business under Health Force of Georgia. Plaintiff is one of the leading home health care companies in Georgia.

2. Defendant AccordCare LLC is a foreign limited liability company formed under the laws of Delaware that does business in Georgia under Health

Force, an AccordCare Company. Defendant provides similar home health care services in Georgia through its four affiliates located in Hapeville, Marietta, Atlanta, and Columbus.

3. Defendant has continued using the allegedly infringing marks and copyrighted materials despite Plaintiff's request that it cease.

4. Defendant uses a nearly identical mark, logo, and tradename to SDC's federally registered HEALTH FORCE OF GEORGIA logo, copyright, and state-registered tradename to market similar home health care services in Georgia.

5. SDC's registered HEALTH FORCE OF GEORGIA trademark and tradename are distinctive, and immediately brand and identify SDC as the industry leader in home health care in Georgia:

6. Defendant employs a similar tradename and mark in marketing similar home health care services in Georgia:

HEALTH FORCE
an ACCORDCARE company

## PARTIES

7. SDC is a Georgia corporation formed in 1999 with a principal place of business in DeKalb County, Georgia. SDC provides a full range of high-quality home health care services in Georgia, including home companion care, personal care, skilled nursing care, and Alzheimer's and dementia care.

8. SDC does business as Health Force of Georgia, and its website is: www.healthforcega.com

9. Defendant AccordCare, LLC is a New York-based company with its principal place of business in Buffalo and Niagara Falls, with additional locations in Florida and Georgia. Like SDC, Defendant provides a full range of nearly identical home health care services in Georgia, including personal care, companion care, skilled nursing care, and Alzheimer's and dementia care.

10. Defendant AccordCare, LLC does business as Health Force, an AccordCare company, and its website is: www.healthforcewny.com

11. AccordCare, LLC, is a Foreign Limited Liability Company, formed

under the laws of Delaware, with a principal office address of 1165 Northchase Parkway, Suite 250, Marietta, Georgia, 30067.

12. Defendant may be served via its registered agent: Corporation Services Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092.

13. Defendant maintains four locations in Georgia: Atlanta South, 1005 Virginia Avenue, Suite 320, Hapeville, GA 30354; Atlanta West,1165 Northchase Parkway SE, Suite 250, Marietta, GA 30067; Atlanta East, 2295 Parklake Dr., Suite 426, Atlanta, GA 30345; and, Columbus, 5900 River Road, #500, Columbus, GA 31904.

14. AccordCare, LLC commenced operations in Georgia on September 1, 2020.

15. Upon information and belief, Defendant began offering home-care services from its Marietta location by September 2020. Its expansion into other municipalities appears to have occurred no later than July 2021 after it acquired Just for You, Personal Support Services.

## **SUBJECT MATTER JURISDICTION**

16. This action arises under the Lanham Trademark Act (15 U.S.C. §§ 1051-1127) and Copyright Law 17 U.S.C. § 501 *et seq*. Therefore, the Court has federal question jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a) and (b).

17. The Court has supplemental jurisdiction over SDC's state law claims based on 28 U.S.C. § 1367.

## VENUE

18. Venue is proper in this judicial district under 28 U.S.C.A. § 1391(b)(2) because all or a substantial part of the events giving rise to the claim occurred in this judicial district. Venue in the Atlanta Division is proper under LR 3.1(B)(3), NDGa., because substantial activity giving rise to Plaintiff's claims occurred within this Division.

## PERSONAL JURISDICTION

19. Defendant is subject to personal jurisdiction in this Court because it committed tortious acts (namely, trademark infringement and unfair competition) in the State of Georgia and has committed a tortious injury in this state caused by acts or omissions outside of this State.

20. Additionally, Defendant is subject to personal jurisdiction in Georgia because it purposefully conducts and solicits business in Georgia, maintains multiple Georgia locations, markets and provides the home health services at issue to Georgia residents, and has committed the acts of alleged infringement and unfair competition giving rise to this action in Georgia.

## FACTUAL BACKGROUND

21. SDC started operating in 1999 and has grown to one of the top home

health care provider agencies in the State of Georgia.

22. SDC began using its logo in connection with its home health care services business in January 2018.

23. On March 1, 2024, SDC filed an application to register the logo (shown in Paragraph 5, above) with the United States Patent and Trademark Office. The logo was registered with the Trademark Office on December 24, 2024 (Registration No. 7,623,164) (the "Registered Mark"). The logo is a service mark for home health care services. A true and correct copy of the Certificate of Registration is attached as Exhibit A.

24. To promote its business, SDC has used the Registered Mark in many ways, including on its website (https://healthforcega.com), on social media sites, including Facebook (https://www.facebook.com/HealthForceofGA), on signage displayed at its permanent location in DeKalb County, on merchandise, and on other marketing and promotional materials for home health care services.

25. Through continuous and substantially exclusive use since at least January 2018, as well as extensive marketing, advertising, and provision of services throughout Georgia, Plaintiff's Registered Mark has developed substantial goodwill and consumer recognition within the home health care service market. The mark serves to identify and distinguish Plaintiff's services and to indicate their source.

26. In addition to its Registered Mark, SDC has copyrighted the text, photographs, and artwork used for the promotion of its home health care services in Georgia. The text, photographs, and artwork were copyrighted effective October 17, 2023 (Registration No. TX -9-931-432) (the "Copyright" or "Copyright Material"). The Copyright Material is featured, among other places, on SDC's website and in all of SDC's branding and marketing materials. A true and correct copy of the Certificate of Registration is attached as Exhibit B.

27. In addition to its Registered Mark and Copyright Material, SDC also registered its tradename, Health Force of Georgia, with the clerk of the Superior Court of DeKalb County on May 8, 2023. A true and correct copy of SDC's tradename application is attached as Exhibit C.

28. Defendant uses the logo in paragraph 6 and Health Force moniker (the "Infringing Logo") in connection with its business of providing home health care services in Georgia.

29. Defendant uses the Infringing Logo to advertise and promote a similar home health care services business in Georgia, including on its website: www.healthforcewny.com.

30. A Google search of "health force of Georgia" identifies Defendant and Defendant's website as the number two search result.

31. Defendant's Infringing Logo and associated branding are confusingly

similar to Plaintiff's Registered Mark in multiple respects, including but not limited to: (a) use of the dominant phrase "Health Force," which is identical in sight, sound, and meaning to Plaintiff's mark; (b) use of similar stylization, formatting, and presentation of the wording; and (c) use of similar color schemes, graphical elements, and overall commercial impression when displayed in connection with home health care services.

32. The similarities between Plaintiff's Registered Mark and Defendant's Infringing Logo are such that an ordinary consumer exercising ordinary care is likely to be confused, mistaken, or deceived into believing that Defendant's services are affiliated with, sponsored by, or otherwise connected to Plaintiff.

33. Plaintiff and Defendant offer identical or highly similar services, including home health care and related in-home services, and market those services through overlapping channels, including websites, social media, digital advertising, and physical signage within the State of Georgia.

34. Defendant's use of the Health Force name and Infringing Logo has caused actual confusion among consumers and referral sources in Georgia, resulting in the diversion of prospective and existing clients from Plaintiff to Defendant and damage to Plaintiff's goodwill and reputation.

35. For example, in or around early April 2026, Plaintiff's Chief Operating Officer was informed by a local case-management company that the

company had intended to refer a new client to Plaintiff but mistakenly referred the client to Defendant because it believed Defendant was Plaintiff. As a result of that confusion, the prospective client was not enrolled with Plaintiff and Plaintiff lost the opportunity to provide services to that client. Based upon the services for which the client was eligible and Plaintiff's applicable reimbursement, Plaintiff estimates the resulting lost annual revenue at approximately $39,740.

36. In a separate instance, a husband and wife who were existing participants in Plaintiff's Structured Family Care program conducted an Internet search for Health Force while attempting to contact Plaintiff with a question concerning their cost-share obligation. The clients mistakenly contacted Defendant instead. Plaintiff subsequently learned that Defendant did not correct the clients' mistaken belief concerning the identity of the company they had contacted and instead assisted or encouraged the clients to complete new applications to receive services through Defendant. The clients were thereafter rebrokered from Plaintiff to Defendant, resulting in the loss of two existing clients and more than $50,000 in annual revenue to Plaintiff.

37. Consumer confusion has also caused reputational harm to Plaintiff. In another instance, an individual posted a negative review to Plaintiff's Google business profile criticizing services the individual believed had been provided by Plaintiff. Plaintiff contacted the reviewer and learned that the individual had

actually been a client of Defendant, not Plaintiff, and that the complaints described in the review concerned Defendant's services. After Plaintiff explained the error, the reviewer removed the negative review.

38. The erroneous negative review publicly attributed dissatisfaction with Defendant's services to Plaintiff and demonstrates that confusion between the two companies extends beyond initial consumer inquiries to the parties' respective reputations and goodwill. Although the review was ultimately removed, Plaintiff cannot readily quantify the number of prospective clients or referral sources who may have viewed the review and attributed Defendant's allegedly deficient services to Plaintiff before its removal.

39. These incidents constitute actual marketplace confusion concerning the identity, affiliation, and source of the parties' competing home health care services and demonstrate that Defendant's use of the Health Force name and Infringing Logo is causing concrete economic and reputational injury to Plaintiff.

40. Upon Plaintiff's discovery of the Infringing Logo, SDC drafted and sent a cease-and-desist letter, dated February 6, 2026, to Defendant. The letter was sent by facsimile and UPS and was confirmed delivered on February 11, 2026. A copy of the letter is attached as Exhibit D.

41. Defendant did not respond to Plaintiff's cease-and-desist letter.

**COUNTS**

**Count I**
**Infringement of Federal Registered Mark (15 U.S.C. §1114)**

42. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

43. Defendant's use of the Infringing Mark infringes Plaintiff's federally Registered Mark (Registration No. 7,623,164).

44. Plaintiff's registration of the Registered Mark is valid and subsisting and is *prima facie* evidence of the validity of the Plaintiff's Mark, Plaintiff's ownership of the Mark, and Plaintiff's exclusive right to use Plaintiff's Mark for the services enumerated in the registration (*i.e.*, home health care services). By virtue of the registration, the Registered Mark is entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051, et seq.

45. Defendant's use of the Infringing Mark, a confusingly similar mark, is certain to continue to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's home health care services are provided by SDC, affiliated with SDC, are associated with SDC, or otherwise connected with or have sponsorship, endorsement, or approval for use by SDC.

46. Defendant's infringement has been willful. Defendant had actual knowledge of Plaintiff's claimed rights no later than February 11, 2026, when it received Plaintiff's cease-and-desist correspondence identifying Plaintiff's Registered Mark and demanding that Defendant cease its infringing conduct.

Despite such notice, Defendant continued its challenged use.

47. As a result of Defendant's infringement, the consuming public will continue to be confused and deceived as to the source, sponsorship, affiliation, or approval of Defendant's services marketed under the Infringing Mark.

48. Plaintiff has been damaged by the aforementioned acts in an amount to be determined at trial. Defendant's adoption and use of the Infringing Logo for competing home health care services is confusingly similar to Plaintiff's Mark and was undertaken by Defendants intentionally, willfully, and in bad faith.

49. Defendant's conduct was intentional, willful, and in bad faith. Plaintiff therefore seeks Defendant's profits, its damages, enhanced damages to the extent authorized by 15 U.S.C. § 1117, and reasonable attorney's fees upon a determination that this is an exceptional case.

50. In addition, if Defendant's conduct continues, it will result in irreparable harm to Plaintiff and, specifically, to the goodwill associated with Plaintiff's Mark, unless such conduct is enjoined.

**Count II**
**Trademark Infringement, False Designation of Origin and Unfair Competition Under Lanham Act § 43(a) (15 U.S.C.A. § 1125(a))**

51. Plaintiff repeats and realleges the paragraphs above as if fully set forth herein.

52. Defendant's use of the Infringing Logo constitutes false designation of

origin and/or a false or misleading description or representation of fact on or in connection with its home health care services, which is certain to continue to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with SDC, and/or as to the origin, sponsorship or approval of Defendant's services, in violation of the Lanham Act, 15 U.S.C. § 1125(a). Defendant's conduct as described herein also constitutes an attempt to trade on the substantial goodwill that Plaintiff has developed in Plaintiff's Mark, all to the damage of SDC.

53. Defendant's use in commerce of designations which are confusingly similar to Plaintiff's Mark, despite having actual and constructive notice of Plaintiff's prior rights in and to Plaintiff's Mark, constitutes intentional conduct by Defendant to make false designations of origin and false descriptions about its services and commercial activities.

54. Defendant's actions have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to SDC.

**Count III**
**Copyright Infringement (17 U.S.C. § 501 *et seq*.)**

55. Plaintiff repeats and realleges the allegations above as if fully set forth herein.

56. Plaintiff's Copyright Material is an original, creative work, embodying copyrightable subject matter, that is subject to the full protection of the United

States copyright laws (17 U.S.C. § 101 *et seq.*).

57. Plaintiff has not granted Defendant a license or the right to use the Copyright in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyright to Defendant.

58. Plaintiff's Copyright Material includes original text, images, photographs, and website design elements displayed on Plaintiff's website and promotional materials, including but not limited to specific written descriptions of services, layout and arrangement of content, and visual imagery used to market home health care services.

59. Upon information and belief, Defendant has copied protectable elements of Plaintiff's Copyright Material, including substantially similar text, structure, and/or visual presentation on Defendant's website and marketing materials, including, but not limited to, verbatim or substantially similar descriptions of home health care services appearing on Plaintiff's website and reproduced on Defendant's website.

60. The similarities between Plaintiff's Copyright Material and Defendant's materials are substantial and concern protectable expression, not merely ideas, such that an ordinary observer would find the works substantially similar in their total concept and feel.

61. As a result of Defendant's violations of Title 17 of the U.S. Code,

Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven.

62. As a result of Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

63. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of its copyright pursuant to 17 U.S.C. § 502.

**COUNT IV**
**GEORGIA TRADE-NAME INFRINGEMENT, UNFAIR COMPETITION, AND DECEPTIVE TRADE PRACTICES**
**(O.C.G.A. §§ 10-1-370 et seq. and 23-2-55)**

64. Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

65. Plaintiff has continuously conducted business in Georgia under the trade name Health Force of Georgia and, through its longstanding use, advertising, promotion, and provision of home health care services under that name, has developed substantial goodwill and consumer recognition associated with the name.

66. Plaintiff formally registered Health Force of Georgia as its trade name with the Clerk of the Superior Court of DeKalb County on May 8, 2023, as alleged

above and reflected in Exhibit C.

67. Defendant subsequently has used and continues to use the confusingly similar name Health Force in connection with the advertising, promotion, and provision of substantially identical home health care services to consumers in Georgia.

68. Defendant’s use of Health Force in connection with competing home health care services creates a likelihood of confusion and misunderstanding concerning the source, sponsorship, affiliation, connection, and association of Defendant's services with Plaintiff and its Health Force of Georgia business.

69. Defendant's conduct has caused actual marketplace confusion. As alleged above, a professional referral source mistakenly referred a prospective client to Defendant believing Defendant to be Plaintiff; existing Plaintiff clients mistakenly contacted Defendant while attempting to reach Plaintiff and were subsequently transferred to Defendant; and a client of Defendant mistakenly attributed dissatisfaction with Defendant's services to Plaintiff through a negative review posted to Plaintiff's Google business profile.

70. Defendant's conduct therefore constitutes deceptive trade practices within the meaning of O.C.G.A. § 10-1-372, including conduct creating a likelihood of confusion or misunderstanding concerning the source, sponsorship, approval, certification, affiliation, connection, or association of Defendant's

services and business. *See* O.C.G.A. § 10-1-372(a)(2), (3), and (12).

71. Defendant's knowing use of a confusingly similar trade name in connection with substantially identical services in the same Georgia market further constitutes unfair competition under Georgia law and O.C.G.A. § 23-2-55.

72. Defendant's conduct has caused and, unless enjoined, will continue to cause Plaintiff economic injury, loss of customers and referral opportunities, loss of control over its business reputation, injury to goodwill, and other harm arising from marketplace confusion between the parties.

73. Plaintiff is therefore entitled to injunctive relief prohibiting Defendant’s confusing use of the Health Force name in connection with home health care services in Georgia, together with such other relief as is authorized under Georgia law.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, SDC requests the following relief:

1. Temporarily, preliminarily, and permanently enjoin and restrain Defendant from:

a) using the Health Force or Health Force of Georgia name, logo, or any confusingly similar trade name, designation, or identifier such as Health Force in connection with the advertising, promotion, or provision of home health care services in the State of Georgia in a

manner likely to cause confusion or misunderstanding as to the source, sponsorship, affiliation, connection, or association of Defendant's business or services with Plaintiff; and,

b) maintaining any use of or reference to the Health Force or Health Force of Georgia name or logo on any signage, advertising, promotional materials, social media, or website, including use or reference to any confusingly similar trade name, designation, or identifier such as Health Force, in the State of Georgia.

2. Direct Defendant to destroy all materials in their possession, custody, or control, which use or otherwise contain the Infringing Logo, under 15 U.S.C. § 1118;

3. Require Defendant to account for Defendant's profits attributable to the infringement and award Plaintiff its damages, costs, and such other monetary relief as authorized by 15 U.S.C. § 1117;

4. Award SDC its reasonable attorney's fees and costs, and pursuant to 15 U.S.C. § 1117, 17 U.S.C. §505, and applicable state law;

5. Award prejudgment interest as permitted by law;

6. Award actual damages and disgorgement of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven at trial;

7. Award any other and further relief as the Court deems just and proper.

## JURY DEMAND

**WHEREFORE,** SDC hereby demands a trial by jury on all issues so triable as of right.

Respectfully submitted this day 9th of September, 2026.

By Counsel:

*/s/Brad A. Bartlett*
Brad A. Bartlett GA Bar No.: 214883
HEALTH FORCE OF GEORGIA
Buckeye Building Suite 103
3301 Buckeye Road
Atlanta GA 30341
Telephone: 970.799.6145
Email: bbartlett@healthforcega.com